BOB DENTON, *alias* SHERRON, *v.* THE STATE.

1. PRESENTMENT AND MINUTE OF INDICTMENTS. — Article 389 of the Code of Criminal Procedure, previous to its amendment in 1876, required that the fact of the presentment of an indictment in open court should be entered upon the minutes of the court, "noting briefly the style of the criminal action and the offense charged." An entry noting the offense as "A. to kill" was not a compliance with this requirement; and when, by motion to quash, the attention of the court was called to this defect in the proceedings, the entry should have been corrected. It was error, without correcting the entry, to overrule the motion to quash, and force the defendant to trial on an indictment for an assault with intent to murder.

2. SAME. — The amendment of 1876 took effect ninety days after August 21, 1876, when the fifteenth Legislature adjourned. It requires the entry on

the minutes to note briefly "the style of the criminal action and the file number of the indictment," but to omit the defendant's name unless he is in custody or under bond.

Appeal from the District Court of Lamar.    Tried below before the Hon. J. Bledsoe.

The indictment charged an assault with intent to murder Henry Donaldson.

*J. M. Long*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J. The first question presented for consideration arises upon the proceeding set out in the following bill of exceptions, which is signed by the judge who presided at the trial below, and embodied in the transcript:

" Be it remembered that, this cause coming on for trial, the following proceedings were had, to wit : Defendant filed a motion to quash the indictment in this cause (1) because the minutes of the court failed to show that the indictment was brought into open court by the grand jury and presented in open court as the law directs, and (2) because the minutes of the District Court fail to state the case and show the nature of the charge ; which said motion is hereto referred to and made a part of this bill of exceptions; which said motion the court overruled, and permitted the state to read, and try said defendant upon, said indictment, without any amendment or explanation; to which ruling, order, and judgment of the court defendant excepted."

The law on the subject of the presentment of indictments in court, in force at the time this indictment was presented — to wit, on October 14, 1876 — was as follows :

·' When the grand jury shall have acted upon any accusation before them, and the indictment has been prepared

with the requisite form, they shall, in open court, deliver the indictment to the judge of the court, a quorum at least being present on such occasions. The fact of the presentment of the indictment in open court by the grand jury shall be entered upon the minutes of the proceedings of the court, noting briefly the style of the criminal action and the offense charged." Code Cr. Proc., arts. 388, 389 (Pasc. Dig., arts. 2857, 2858).

Article 389 of the Code of Criminal Procedure was amended by the fifteenth Legislature (Gen. Laws Fifteenth Legislature, 8) so as to read as follows: "The fact of presentment of the indictment in open court by a grand jury shall be entered upon the minutes of the proceedings of the court, noting briefly the style of the criminal action and the file number of the indictment, but omitting the name of the defendant, unless in custody or under bond." This amendment, however, agreeably to the provisions of the Constitution, article 3, section 39, did not go into effect until ninety days after the adjournment of the Legislature by which it was enacted.

The fifteenth Legislature, by which this amendment of the Code was enacted, adjourned on August 21, 1876, and this amendment did not take effect until ninety days thereafter, and so was not in force at the time the proceedings under consideration were had, which, agreeably to the record, was on October 14, 1876, and within a less period than ninety days from August 21, 1876, when the adjournment of the Legislature took place, as above stated.

The entry in question is set out in the transcript as follows :

" Court adjourned from day to day until Saturday, Oct. 14th, 1876. On this day the following bills of indictment were found by the grand jury in open court, and ordered filed, viz." [here follows a list, examples of which will show how they appear on the minutes] :

"No. 2092, *The State of Texas* v. ——, Murder.
"  2093,  "   "   "   "   "  ——, Theft.
        *   *   *

No. 2097,  "   "   "   "   "  ——, A. to kill."

This last being the pretended entry of the presentation of the indictment in the present case, as shown by the file number, 2097; and which does not meet the requirements of article 387 of the Code, either before or after the amendment. The statement of the criminal action as "A. to kill" shows no offense known to law, and is on that account wholly insufficient.

The defect in the proceedings with reference to the return of the indictment was promptly met at the threshold by the motion to quash. The attention of the court being called to the defect in the entry, the minutes should have been corrected; which the bill of exceptions shows was not done. In that state of the case it was error to refuse the motion to quash the indictment, the objection having been taken at the first opportunity. *Hardy* v. *The State*, 1 Texas Ct. App. 556.

For this error the judgment must be reversed, and the cause be remanded for such further proceedings as the court may be able, under the law, to take, if any. The indictment is liable to a formal objection in that it does not show upon its face that it was presented in a court having jurisdiction of the offense. Code Cr. Proc., art. 395, par. 2 (Pasc. Dig., art. 2863).

*Reversed and remanded.*